I don't know that this case will go longer than that, but feel free to take whatever time you need. And, of course, we might be asking questions as we go along, and please respond to those questions. You might notice that Justice Cunningham is not here, but I assure you she will be listening to the arguments that we have here today, and she will participate in the disposition of this case. So I'd like the lawyers to approach the podium and state their names and who they represent for the record, please. If you would both now, and then you can repeat your name again when you make your argument. Good morning. David Latham. Hold on for one second. Could we call the case, please? Thank you. Good morning. David Latham on behalf of the plaintiff's appellant. Thank you. Good morning. Lawrence Abuhashish on behalf of Barbella Group. Spell your last name. A-B-U-hyphen-H-A-S-H-I-S-H. Thank you, gentlemen. Thank you. All right. Appellant. May it please the Court, as I mentioned, my name is David Latham. I represent the plaintiff appellant in this case. This is not a particularly complex case, so I doubt I will take all of the time that I need, but I would like to touch on a couple of points. First, the underlying facts are not truly in dispute. This is not something that went to the substance of the case. It really involves the location of certain of the parties. The dispute involved an asset sale by a company called K&BZ of a restaurant in the lease and the assets to Barbella Group. Pazzo's, carry number five, which operates Pazzo's, which is a restaurant located on Wacker Drive here in Chicago, has certain trademark rights, which it was allowing K&BZ to use and allowed the defendant to use those same intellectual property rights, trademarks, et cetera. The agreement was that the defendant would pay $150,000 for the use of that. They failed to pay. We filed a lawsuit. They did pay some, but they did not pay at all. We filed a lawsuit in September of 2009. The defendant brought a motion to dismiss on two grounds, one based on venue and one based on form of nonconvenience. I'll address the venue issue. The venue issue, I think. Counsel, can I ask you, those motions were brought based on 2615 or 2619 of the Illinois Code, or were they brought pursuant to either one of those? I don't know if they were brought pursuant to 2615 or 2619. It was 101, venue. Actually, that's a good point, Your Honor. I don't think it's stated, but since it attached certain documents to it, it would have to have been 619, Your Honor. Thank you. It would have had to have been 619? Well, 615 is based on the pleading. 619 is based upon. Yes. Being a 619 motion, then the legal sufficiency of the complaint filed is a given. Yes, Your Honor. Proceed. The court dismissed based on venue, holding that because the defendant did not reside in or do business in any county in Illinois, venue is not appropriate in Illinois at all. On this point, I believe the court erred because the statute says that if the defendant does not reside in any county or resides outside the state of Illinois, venue can be brought, the case can be brought in any county in Illinois. I believe that was pretty clear error on behalf of the trial court. With respect to the form of nonconvenience, as the court knows, there are two primary sets of factors. There are the private factors, the private interest factors, and there are the public interest factors. The convenience of the parties is one of the private interest factors. The court said that that was neutral because the plaintiff resided here and the defendant resided in Florida. The court did, however, tilt the private interests in favor of the defendant based upon the possibility that the property would need to be viewed. This was not raised by the defendant. It was not argued by the plaintiff. It was raised solely by the court and was based on pure speculation, and we believe the court erred in tilting the private interest factors in favor of the defendant based upon pure speculation. Counsel, can I ask you what standard we use to review that decision by the court as far as the form of nonconvenience? The form of nonconvenience, it is an abuse of discretion standard, Your Honor, which is no one could find, basically no reasonable court could find otherwise. Yes. And I understand it's an abuse of discretion, but when the court makes errors in findings, I believe that goes to the issue of abuse of discretion because if it's based on faulty assumptions, then I believe it's abuse of discretion. So I believe the court's finding that the property might have to be viewed was in error, and I do cite a case for that proposition. The public interest factor, the court said there's no public interest in having the case tried here. And I believe on this point the trial court erred as well because the plaintiff was clearly a Cook County resident, and the case law is legion that a resident of the county in which the case is brought has a public interest in having that case tried in its home county. The court also gave insufficient or no weight to the issue of where the plaintiff has filed its lawsuit. And the case is also legion that where the plaintiff files the lawsuit is given great deference and should not be disturbed absent compelling reason. So the trial court made two fundamental flaws, which it then used to make what we believe to be an abuse of discretion and find that this case should be dismissed on form non-convenience grounds. Now I would like to address one other thing before I finish, and that is defendant's brief. The defendant, in a statement of fact, does not contain a single citation to the record. And as the court is fully aware, if you fail to cite to the record, it results in a waiver. Also, the defendant attaches to its brief certain documents which were not part of the underlying record. That, too, the cases in Illinois hold that if you cite to something outside the record, that should be ignored. In fact, the defendant admits on page 12 of the brief, first full paragraph on page 12, although with regards to convenience of the parties, the trial court found that this factor did not favor one jurisdiction over the other, it was not presented with all the facts mentioned above. Had the trial court been presented with all the facts, it is reasonable to believe that it would have favored Broward County over Cook County. Thus, the defendant admits that it did not present certain facts to the trial court, but wants this court to consider those. We believe that should not happen. The cases are in favor of the plaintiff on that point, and we would ask that the court not consider issues not raised before the trial court. Counsel, as far as the connection to this litigation to Cook County or Illinois, what is the connection other than the fact that the plaintiff is a corporation in Illinois? Well, it involves intellectual property rights. It involves the Pozzo name. It involves their goodwill, in effect. And so if Pozzo's name is used, it does harm it, not only in terms of monetary value, but in terms of its reputation. So in order to protect itself, and one of the things we ask for in the complaint is that since they haven't paid for it, we want this stuff back. They can't use it without paying for it, so it harms us both in terms of our reputation, our goodwill, and our monetary. And that would be the interest, Your Honor. Thank you. And with that, I would ask that the court reverse the trial court and remand for further procedures. Did you find a reply brief? I did not, Your Honor. I want to make sure. Thank you. Lawrence. May it please the Court. Lawrence Obohashish on behalf of Barbella Group. I'd like to start off, Your Honor, by giving a little more facts to the case. Again, these are facts that were considered by the trial court. Yes. I believe, you know, this, you know, just a potent, Mr. Latham, I'm sorry, he made this case to seem like it's a simple collection case. However, this is far from a simple collection case. As you notice, for number one, the plaintiff is Cary number five, but if you look at the contract, it's signed by KMBZ, Inc., which is a Florida corporation also, and also Rocky Iyash, who happens to be the beneficial owner of both Cary and KMBZ. And if you were to read the contract, it's for the amount of $150,000. However, it also includes an obligation on KMBZ to transfer a liquor license, which has a monetary value of between like $125,000 and $150,000. They're supposed to transfer it. It's part of the sale agreement. It's not just the trademark agreement. And where would that transfer occur? In Florida. In Florida, the liquor license, they're bought and sold. It has a value. However, if you have a restaurant that has over 200 seats, you get one for free. Otherwise, you would have to buy one from an existing owner, and the price fluctuates with supply and demand. So around this time, the value was reasonably over $125,000 or so. And the way the contract is worded, that if it's not transferred, KMBZ will refund $125,000 of the $150,000 to Barbella. As it turns out, this liquor license had no monetary value, number one. Number two, in a separate agreement for the sale of assets, which was signed at the same time and pretty much by implication also is connected to the trademark contract, they were supposed to transfer all the assets, like the chairs, the ovens, inventory, and everything at the same time. Barbella Group did not know that Rocky Iyash, the owner, the beneficial owner, he was in a rush to sell it because he already assigned the interest to the landlord. He was sued earlier by the landlord, and the landlord, you know, as a settlement, took the assets and he agreed to leave the property by, I think, April 30th. So they wanted to close it. So this is all very interesting. However, we're interested in the issues here of venue and form nonconvenience. Now tie up what you're saying as to why it's important to those issues. Number one, venue, obviously venue and form nonconvenience are two separate issues, and the trial court properly dismissed the case on both grounds. For one, venue, Barbella has absolutely no ties at all with Illinois. In order to have venue, you have to have minimum contact and ties. No, that's for jurisdiction over the subject matter. We're talking about jurisdiction as to place. The statute clearly says when the defendant doesn't reside in any county, that any county is proper venue. Yes, but, Your Honor. How do you get over that? The case laws, all the case laws that interpret venue, they always look at the context with the county. It implies, because it would not, it would run afoul completely with due process regarding minimum context. You can't just sue any, if the defendant does business with Illinois and is an outsider. Minimal context runs to jurisdiction over the subject matter of the case, not proper venue as to place for purposes of filing. Go on to form nonconvenience. Okay, form nonconvenience is that since this is such a convoluted case and it involves fraud, it involves misrepresentation, and it's a local matter, in order to, if we were to file, if we were to defend this case, we're going to have to bring the landlord who owns the assets to the property. We're going to have to bring other witnesses that were present at the negotiations who have knowledge of the case. And the plaintiffs here, one of the contracts is signed by Rocky's son. His name is Matthew. He's a Florida resident. They have a lot of business and a lot of interest in Florida. They're the ones who avail themselves of Florida. In fact, they live there. I can't say that they're actual residents. I believe Matthew is, but not Rocky. What factors are there that show us that Florida is a strongly favored location over Illinois? Okay, because Broward County, Florida, has an interest in protecting this resident from being defrauded. Florida is like a hub of fraud, and they have a lot of interest in this. That's where the assets are. That's where the signs and logos. That's where the witnesses will come from. One of the main factors is the convenience and also the compulsory process to actually force witnesses to come to Chicago. The court would have no jurisdiction to force witnesses to come and testify when all the evidence is practically in Florida. Actually, when the plaintiff was paid, he went and specifically opened up a new bank account in Florida in order for the wire transfer to come in. What about counsel's argument that we should give great deference to where the plaintiff filed the action? Well, there's case law that says where the plaintiff does not bring the cause of action in the jurisdiction where the injury occurred, they get less deference. So clearly here it's form shopping. And at the time this lawsuit was filed, they were aware that there was a pending lawsuit in Florida, but they just couldn't serve the plaintiff. So my opinion, I believe he filed the lawsuit trying to get a default judgment so they cannot sue him in Florida. And as you see, I attached the lawsuit. This is just something you can take judicial notice of what was pending. Well, is that part of the record in the trial court? I don't believe so. I'm not sure. Should we consider that then if it wasn't part of the record before the trial court? As I said, I didn't handle the case at the trial court level, and I don't know if the other attorney knew or made it known. However, I believe that you guys can take judicial notice of what was going on of this case since it's public record. Thank you. Thank you. Thank you. Very briefly, and I'm rather shocked. The court asked counsel a question early on. Is this part of the record? And he said yes. That is simply not true. Very little of what he said is part of the record. If you look on A-9 of the appellant's appendix, there are six paragraphs, none of which talks about a lease, none of which talks about witnesses, none of which talks about fraud, none of which talks about a defense, none of which talks about anything other than the fact that the transaction occurred in Florida, defendant is in Florida, and plaintiff is in Illinois. That is all that was presented. If you look on A-8, the entirety of the argument on foreign nonconvenience is contained in paragraph 11, 12, and 13 on half a page and talks about the simple fact that this case should not have been brought in Illinois. None of this was part of the record. And counsel said it was. It simply is not part of the record. We were never given the opportunity to present to the trial court any counterarguments on anything that he has said today. There was oral argument in this case in the trial court? Very briefly, there is no record of it. There was no court reporter of it. There is no record, though? There is no record of the oral argument. The court did issue, obviously, a written memorandum, which also does not talk about any of the factors or any of the facts that counsel talked about today. So with that, Your Honors, I would ask that the court reverse the trial court and remand for further proceedings. Thank you. Gentlemen, thank you very much for your presentations here today. We will take this matter under advisement. Thank you. Thank you.